# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT POWER (#528218)**             **CIVIL ACTION NO.**

**VERSUS**             **20-794-BAJ-EWD**

**JAMES M. LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 6, 2021.

                                                 **ERIN WILDER-DOOMES**
                                                 **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT POWER (#528218)                                CIVIL ACTION NO.

VERSUS                                                          20-794-BAJ-EWD

JAMES M. LeBLANC, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Robert Power ("Power"), who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, filed suit on November 13, 2020,[1] against James M. LeBlanc, Darryl Vannoy, Michael Jack, and Tammy Hendrickson (collectively "Defendants").[2] Power alleges that Defendants have held him in closed cell restriction at LSP for approximately two years without due process of law and in violation of the Equal Protection Clause,[3] and that his confinement violates the Eighth Amendment. On January 14, 2021, the Court ordered the United States Marshal Service to serve the defendants wherever found and issued summonses to each defendant.[4] Since that date, nothing has been filed into the record to show that service was even attempted on any of the Defendants, despite an Order for Power to show cause regarding the lack of service. Accordingly, it is recommended that this matter be dismissed without prejudice on the Court's own motion due to Power's failure to timely effect service on all Defendants pursuant to Federal Rule of Civil Procedure 4(m).

---

[1] R. Doc. 1, p. 6. Pursuant to the prison mailbox rule, which generally applies to the filing of pleadings submitted to courts by Louisiana pro se inmates, an inmate's pleadings are considered filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). Although Power's Complaint was docketed on November 19, 2020, the Complaint will be considered filed as of the date it was signed, November 13, 2020.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 5.
[4] R. Docs. 4 & 5.

1

Federal Rule of Civil Procedure 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed. Local Civil Rule 41(b)(1)(A), provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 90 days after filing of the complaint." To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.[5]

Summonses in this case were originally issued over nine months ago. Since no action was taken by Powers after summonses were issued, on June 30, 2021, the Court issued an Order directing him to show cause as to why his claims should not be dismissed for failure to serve the Defendants within the time period provided by Federal Rule of Civil Procedure 4(m).[6] This Order provided notice to Powers that his claims could be dismissed without further notice if he failed to respond to the Court's Order and demonstrate good cause for the failure to serve.[7] Although more than three months have passed, Powers has not responded to this Order to provide an explanation for failure to serve. As Powers has wholly failed to respond to this Court's Order to show cause regarding lack of service, his claims in this case should be dismissed without prejudice.

## RECOMMENDATION

**IT IS RECOMMENDED** that Robert Power's claims against James M. LeBlanc, Darryl Vannoy, Michael Jack, and Tammy Hendrickson be **DISMISSED WITHOUT PREJUDICE** *sua*

---

[5] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985), *quoting* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969).

[6] R. Doc. 6. As the June 30, 2021 Order explains, Plaintiff should have received a Form 285 for each defendant to be served from the U.S. Marshals Service ("USMS"). Even though USMS was ordered to serve Defendants, Plaintiff is required to provide a completed U.S. Marshal Form 285 for each defendant to be served. USMS will not serve any defendant without a properly completed form.

[7] R. Doc. 6. Federal Rule of Civil Procedure 4(m) requires the court provide notice to a plaintiff prior to dismissing an action for failure to serve if the court is dismissing the action on its own motion. The Order directing Plaintiff to show case provided this notice. *See Thompson v. Vannoy*, No. 14-192, 2015 WL 1086143, at *1 (M.D. La. March 11, 2015).

2

*sponte* for failure to timely serve these Defendants pursuant to Federal Rule of Civil Procedure 4(m) and that this matter be **CLOSED**.

Signed in Baton Rouge, Louisiana, on October 6, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

3